**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| COURTNEY LAURENT HAMILTON, | ) CASE NO. 1:25-cv-02791 |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) **MEMORANDUM OPINION AND** |
| Defendant. | ) **ORDER** |

Plaintiff Courtney Hamilton *pro se* filed a five-count complaint against Defendant

JPMorgan Chase Bank, N.A. alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. §

1681m "and related provisions," and four state-law claims. (R. 1).[1] This matter is before the

Court on the Report and Recommendation of Magistrate Judge James E. Grimes Jr. (R&R). (R.

21). The R&R specified that any objection must be filed within 14 days of the parties being

served with a copy of the R&R, Fed. R. Civ. P 72(b)(2); 28 U.S.C.§ 636(b)(1); Local Rule

72.3(b), and that "[f]ailure to file objections within the specified time may forfeit the right to

appeal...." (R. 21). That period has expired, and neither party has filed any objections.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation

depends upon whether objections were made to that report. When objections are made to a report

---

[1] This case was referred to the magistrate judge for general pretrial supervision. (R. 4). On February 26, 2026, the Magistrate Judge ordered the parties to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. (R. 14). Each side filed a response (R. 15 & 17), and Plaintiff also filed a motion for leave to amend the complaint. (R. 19).

and recommendation of a magistrate judge, the district court conducts a *de novo* review. Federal

Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have

been made but does not specify any standard of review for those reports to which no objections

have been lodged. The Advisory Committee on Civil Rules commented on a district court's

review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the

Committee stated: "When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P.

72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206

(9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of*

*Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v.*

*Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the

relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth

Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that

Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's

report to which no objections are filed").

Here, the Report and Recommendation placed the parties on notice as to the potential for

forfeiture in the event of failure to object. (R. 21, Page ID 352).

## II. Analysis

Based on the above authority, the Court finds Plaintiff has forfeited his ability to object to

the R&R by failing to timely do so. Moreover, the Court has thoroughly reviewed the R&R and agrees with its conclusions. The Magistrate Judge recommended the Court dismiss the Complaint, finding that sole federal claim in the Complaint—an alleged violation of 15 U.S.C. § 1681m—fails to provide a private right of action. (R. 21, PageID# 340); *Wood v. Third Fed. Sav. & Loan Ass'n*, No. 23-3042, 2023 WL 8174269, at *3 (6th Cir. Nov. 20, 2023) ("Based on the unambiguous language of § 1681m(h)(8), Congress clearly intended to negate private causes of action to enforce § 1681m.") The Court agrees that Plaintiff may not maintain a private right of action under § 1681m.

With respect to the remaining state law claims, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). There are four factors to consider when determining whether to retain supplemental jurisdiction: (1) judicial economy, (2) convenience to the parties, (3) fairness, and (4) comity to state courts. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). When considering judicial restraint, "[t]his includes the interest in not 'needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Marinac v. Todd*, No. 1:20cv1571, 2022 WL 3904049, at *15 (N.D. Ohio Aug. 30, 2022) (citing *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010)).

The R&R recommended that this Court decline to exercise supplemental jurisdiction over Hamilton's state-law claims. (R. 21, PageID# 344). This Court agrees. In balancing the pertinent factors set forth above, the Court concludes that judicial restraint and not needlessly deciding

3

state law issues outweigh the other factors. Furthermore, the parties have not invested significant time and resources in this action.

Finally, the Magistrate Judge recommends the Court deny Plaintiff's motion for leave to amend. (R. 21, PageID# 345-352). As explained in the R&R, Plaintiff attempts to cure the shortcomings in his original complaint by removing its reliance on 15 U.S.C. § 1681m and replacing it with a claim under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*. (R. 19-1, PageID# 317; R. 21, PageID# 345). The Court agrees with the R&R that Plaintiff, in an affidavit, "declare[d] under penalty of perjury that" he "opened a business deposit account with [Chase] for business operations associated with [his] business." *Id*. at ¶2. As the R&R accurately surmises, "[g]iven Hamilton's declaration, it is a fact that the account was not 'established primarily for personal, family, or household purposes' [under] 15 U.S.C. § 1693a(2) [and] [t]he Act therefore does not apply. See 15 U.S.C. § 1693a(2)." (R. 21, PageID# 351). As such, permitting the amendment would be futile.

### III. Conclusion

The Court having received no timely objections, has carefully reviewed the Report and Recommendation and finding no clear error, agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 21) is hereby ADOPTED. Plaintiff's Motion for leave to amend the complaint (R. 19) is hereby DENIED. The Court dismisses the sole federal claim, Count One of the Complaint, with prejudice and the remaining state-law claims without prejudice.

IT IS SO ORDERED.

Date:   August 10, 2026                    /s *David A. Ruiz*
                                           David A. Ruiz
                                           United States District Judge

4